## COUNTY OF RUTLAND,

AT THE

### FEBRUARY TERM, 1864.

PRESENT:

HON. LUKE P. POLAND, *Chief Judge.*
HON. JOHN PIERPOINT,
HON. JAMES BARRETT,  } *Assistant Judges.*
HON. ASAHEL PECK,

---

STATE *v.* HIRAM HAYNES, *and two cases* STATE *v.* JOHN REMILEE,

*Intoxicating Liquor.   Records.   Evidence.   Statute.*

Records of former convictions to procure increased penalties need not ·be offered to the jury, but may be introduced after the verdict, and to affect the sentence merely.

Records of former convictions, and their legal efficacy and effect, are purely questions of law.

Where the former conviction is for a *sale*, the increased penalty is incurred ·by a subsequent conviction of *furnishing.*

Selling, furnishing, or giving away are but different forms for committing the same legal offence in violation of the liquor act; and a conviction for violating the statute in one of these forms, is available to double the penalty on a second conviction for a violation of another.

Prosecutions for selling, furnishing and giving away intoxicating liquor contrary to law on a grand juror's complaint.   These cases were appealed from the judgment of the justice to the county court, —and were there tried, September Term, 1862, and the respondents convicted.   Exceptions were taken and the cases were passed to the

State *v.* Haynes and State *v.* Remilee.

supreme court, and at its February Term, 1863, were remanded to the county court for sentence upon the convictions,—and at the March Term of the county court, KELLOGG, J , presiding,—before sentence was passed, the attorney for the state presented copies of record duly certified and attested by a justice of the peace, showing that the respondents had been previously convicted before the said justice,—said Haynes of two offences of selling,—and said Remilee, in one case, of seven offences of selling and three offences of furnishing, and in the other case, of five offences of selling, intoxicating liquors without authority and contrary to law. The said copies of the said justice's record were presented as evidence of prior convictions of the respondents of offences of the same nature or character with those of which they had been found guilty. No question was made by the respondents in respect to their identity, or as to their being the same persons against whom the judgments of conviction were rendered by the justice. To the reception of the copies as evidence of prior convictions of the respondents as above stated, the respondents seasonably objected for the following reasons, among others, viz. : 1st. That the copies of the justice's record did not prove that the respondent Haynes was guilty of a second offence, inasmuch as the prior convictions were, in Haynes' case, for the offence of " selling " and not " furnishing," and in one of Remilee's cases for offences of " selling " intoxicating liquor ; and so were not the " same offences " within the true intent and meaning of the statute. 2d. That the copies of the justice's record were unseasonably offered, the respondents insisting that the questions whether they were guilty or not of prior offences within the meaning of the statute, were questions of fact to be determined upon evidence to be submitted to a jury, and in respect to which they were entitled to a trial by a jury. The court overruled the objections of the respondents, and received the copies of the said justice's record as evidence, and held that it was sufficient evidence to prove, and that it did prove, prior convictions of the respondents for the same offence of which they had been found guilty by the verdict of the jury, within the meaning of the statute ; and thereupon, as in case of a second conviction for the same offence,

sentenced the respondent Haynes to pay a fine of twenty dollars for each offence of furnishing intoxicating liquor, and the said Remilee in one case, as for a second conviction, twenty dollars for each offence, and in the other case a fine of twenty dollars for each offence of selling,—of which they had been found guilty by the verdict of the jury,—and Remilee to be imprisoned in the county jail three months ; and both to pay the costs of prosecution. To the decision of the court in overruling the said objections of the respondents to the reception of the copies of the justice's record as evidence, and to the decision of the court in respect to the sufficiency and effect of the same, and in passing sentence as aforesaid, the respondents excepted. The three cases presenting similar issues were argued together, and the decisions embraced in one opinion.

*Charles C. Dewey*, for the respondents.

*Edgerton & Paul*, for the prosecution.

POLAND, CH. J. These cases were all before the court at the last term on exceptions taken on trial, and the exceptions being overruled, the counsel for the prosecution moved for sentence, and introduced records of former convictions for the purpose of procuring the imposition of the increased penalties for a second and third offence. Notwithstanding the course taken in the *State* v. *Freeman*, 27 Vt. 523, it was deemed the more regular and advisable course in such cases, to require all the evidence affecting the sentence even, to be introduced in the county court, (when if any question of fact arose it could be immediately submitted to a jury if necessary,) and come before this court upon the record. A statement of the views of the court as to the proper practise in such cases was drawn up, to accompany the report of the cases, and has been furnished to the reporter, so that it is not necessary now to restate them.

The cases were remanded to the county court for sentence, and they are again brought before this court, to revise the regularity of the proceedings in the court below in passing sentence.

A motion is now interposed in this court to arrest the judg-

ments in these cases, on the ground that the original complaints, by which these prosecutions originated, do not allege any prior convictions, for similar violations of the law.

This motion is based on the assumption that the provision introduced into the General Statutes, requiring such prior conviction to be averred in the complaint or indictment in order to be made available to increase the penalty, affects cases pending when this alteration of the law was made, as well as those afterwards commenced.

There are two sufficient answers to the motion.

First, these cases were finally disposed of in the county court, and sentence passed at the March Term, 1863, before the General Statutes came in force. Upon these exceptions we have merely to determine the regularity of the proceedings in the county court by the law then in force, in the same manner as if a writ of error had been brought, and any subsequent change of the law would not affect the cases.

Secondly, the cases are fully within the saving provisions of chap. 130 G. S., § § 3 and 4, p. 766. No change is made in the penalties for these offences whatever ; the only change is in the form of proceedings by which the facts are brought before the court, and judicially determined, and these cases had proceeded to a stage where it was not possible to make them conform to the new provision, nor was it necessary they should, in order to the maintainance of any just right of the defendants. In the county court on motion for sentence, the prosecutor introduced records of former convictions of the defendants, and claimed that the sentences should be for second and third offences. The exceptions say the defendants objected that these were unseasonably offered. If by this it was meant that such proof should have been offered before the jury who tried these cases, the objection is answered by the decision in the case of *State* v. *Freeman*, where it was distinctly held, that such proof might be introduced after the verdict, and to affect the sentence merely.

The act of 1852, while it provided increased penalties for second and third convictions under the law, expressly provided that such former convictions need not be set forth in the com-

plaint or indictment, and it is quite apparent that the framers of the law contemplated that the proof of former convictions was to be shown to the court, on the question of the proper sentence.

The court in the *State* v. *Freeman*, held the law in this respect constitutional, and upon this construction of it.

But we understand that the defendants, upon the introduction of these records of. former convictions, claimed a right to have the cases submitted to a new jury to determine whether they had been properly convicted, or convicted at all, of the prior offences, as it was claimed these records showed.

If the penalty was to be increased by showing in fact by evidence, the commission of previous offences, there would be great reason in holding, that the respondents were entitled to have the proof submitted to a jury to pass upon, and probably any law that should undertake to give the court the right to adjudge upon it, would be held unconstitutional.

But the increased penalties are to be imposed upon proof of former *convictions*. The defendants have already had their opportunity to have the question of their guilt or innocence in relation to those former charges passed upon by jury, and that has been settled by judgment or verdict against them.

These former convictions, by the rules of evidence applicable equally to civil and criminal trials, can be proved only by the records of the court, and what the records show, cannot be contradicted by any averment or proof. In the *State* v. *Freeman*, it was said that if any question of fact arises as to the identity of the party to the two convictions, or otherwise, upon which an issue of fact was properly raised, it would be the duty of the court to submit it to a jury if the defendant so desired. In these cases the identity was conceded, and no question was suggested upon which any issue of fact could be made, or any evidence other than the record was admissible. The question stood then upon the record of the former covictions alone, and the legal efficacy and effect of those was purely a question of law.

Were the defendants entitled to have such question decided by a jury? All questions as to the legal admissibility of evidence, are as much within the province of the court in criminal cases

as in civil.   So while the sufficiency of the  evidence to support a criminal  charge, and authorize a verdict of  guilty, is wholly a question for the jury, the  duty of passing  sentence, and what is the proper and  legal sentence to  be  passed, is ordinarily wholly a question for the court, with which the jury have nothing to do. Where the sentence would be affected by the finding of a  matter of fact upon  evidence, the court in accordance with the  general spirit and theory of the law, would submit such finding to a jury·; where it is  purely matter of law, they would  not, but would decide it themselves, and it would be their duty to do so.

But it is  claimed that this view virtually conflicts with the doctrine settled in this state, that in criminal cases the jury are not bound by the instructions of  the court in matters of law, but may determine the  law for themselves, against instructions, and over the head of the court.   But we have no  wish or  design to trench in the slightest degree upon that rule.

The day may come when prosecutions for political offences may be  common, and the  seats of justice may  be  occupied by venal or partizan judges, and such resort to juries may be needful · for the protection of  the property, liberty and lives of citizens.

But this is not before the jury ; no proper issue or foundation has been laid to  get it before a jury ;  it is  purely a question of law bearing upon the duty of the court, and not of the jury.    To say that the  defendants must have  an  opportunity to have this question of law  submitted to a jury, so  as to have the benefit of the  chance of their  deciding it  contrary to law, seems to us a very great  absurdity.

With the  same  propriety, might a respondent claim that his demurrer to an  indictment, or motion in arrest, or motion to quash an indictment, should be submitted to· a jury, because they are judges of  the law in criminal cases.

In the  case of  Haynes, it  was objected that the former conviction was not such  as  would justify the double penalty, because the first conviction was for  a  *sale*, while this was for *furnishing*. *Furnishing* may be by  giving  it  away,  and not by sale, and so it is said the convictions are not, or may not be, for the *same offence*. But the statute does not impose the increased penalties for a

second or third conviction for the *same offence*, but for a *second* or *third* conviction for selling, furnishing or giving away intoxicating liquor in violation of the act. These are different forms of committing the same legal offence, violating the act.

At the recent term in Chittenden County, it was held that an information was good, which in a single count charged a defendant with selling, furnishing, or giving away, &c.

Selling, furnishing, or giving away, are all equally violations of the act, and a conviction for violating the statute in one of these forms, is available to double the penalty on a second conviction for a violation in another. It is equally within the intent and purpose of the law, to punish offenders so incorrigible and hardened as not to desist, after one chastisement for their breach of law.

In the cases against Remilee, it was objected that one of the former convictions was under a proceeding instituted under the 22d section of the act, by the arrest of a person found intoxicated, and that the defendant was arrested and brought to trial on the disclosure of such person, that he procured his liquor of the defendant. But this is mere form of proceeding, not affecting the nature of the offence for which he was convicted.

Indeed this objection has not been urged here. We think the proceedings of the court below in passing sentence in all these cases, were in strict conformity with the law, and the judgments are affirmed.