75 U.S. 310
 19 L.Ed. 479
 8 Wall. 310
 MANDELBAUM
v.
THE PEOPLE.
 December Term, 1868
 
 ERROR to the Supreme Court of the Territory of Nevada.
 The suit was brought by the Territory against Mandelbaum and Klauber, in a District Court, to recover from them the amount of certain taxes, which the county assessor had assessed upon property alleged to be theirs, to wit: upon goods in a store in Carson City, of the assessed value of $70,000; upon twenty tons of hay, at $800; upon goods in store at Kinkead & Harrington's, at $6500; upon timber for a barn, at $600; and upon one hundred tons of hay in Mr. Ormsby's storehouse, at $4000, the property of the defendants—the whole amounting to $81,900. The different kinds of tax, nd the amount of the assessment were specified.
 In an amended complaint, it was declared that the tax was assessed between the first Monday of August, 1862, and the last Saturday in October of the same year; that the property had not been assessed in the regular list of assessments; and that it was entered in the tax list of the county under the head of subsequent assessments.
 The answer of the defendants set forth, that the property described in the complaint was fraudulently and wrongfully assessed, and was not subject to taxation for the year 1862, because, as they say, the hay so described was a part of a growing crop for the year, produced from their ranche in Douglas County; and was not cut or removed from this county until after the first Monday in August of that year; and long after they had been duly assessed for all their taxable property in this county, including said ranche, which was taxed at a valuation of between nine and ten thousand dollars, and taxes upon which had been fully paid.
 The answer further set forth, that of the said extra amount of goods, some seven or eight thousand dollars in value constituted their stock of goods at Genoa, in Douglas County, and was included in the assessment and payment of taxes in that county, and had been brought and added to their stock in their store in Ormsby County; that the remainder of said extra amount of goods mentioned in the complaint was not the property of the defendants, nor was the same within the county of Ormsby until long after they were assessed and taxed, and the taxes paid, in said county; that said extra goods were purchased from the proceeds of their business houses in the counties of Ormsby and Douglas, the sale of their goods and other property, and proceeds of their business generally; all of which had been assessed in said counties, and the taxes paid for the year 1862, long before the making of the pretended assessment in the complaint; that the timbers and lumber for a barn were not the property of the defendants, until after the assessment and taxes paid for the year 1862; and were obtained in the course of their business after this assessment.
 This answer was verified under oath.
 The next step in the cause, as appeared from the record, was that, on the motion of the plaintiff, the court struck out so much of the answer as had no relation to the payment of the taxes on the seven or eight thousand dollars of property described in the complaint, and which was alleged in the answer to have been taxed in Douglas County. This, in effect, struck out the defence set up to all the property assessed and taxed as charged in the complaint, except the item above specified. The issue left was then tried by the court, which held that the defendants had proved payment of a tax on $5800 worth of property; and gave judgment in favor of the tax to the amount of $1522 and costs of suit. To all which the defendant's counsel excepted.
 The court found the following facts: 'That the allegations in the complaint are true; also, that as to the property assessed, as set forth in the complaint, the defendants were assessed in Douglass County for the sum of $5800 on property in the year 1862, and paid taxes on the same, for which they are entitled to a credit.'
 The case was then carried to the Supreme Court of the Territory, where the judgment was affirmed.
 By the statutes of the Territory of 29th November, 1861, the regular or annual assessment of taxes is made between the first Monday of March and the first Monday of August in each year; and the tax list is to be completed on or before the last-named day. Then the assessor annexes his warrant to it, and delivers the same with a may of the tax to the clerk of the board of commissioners.
 It is also provided in the same act that the assessor, at any time subsequent to the first Monday of August and prior to the last Saturday in October, may assess any property which shall not be on the regular list; and he shall enter such assessment in a separate portion of the tax list, under the head of 'subsequent assessments.'
 
 Messrs. W. S. Cox and N. Wilson, for the plaintiff in error:
 
 The striking out of the principal part of defendant's answer was erroneous.
 1. Because the proceeding was ex parte, without notice to the other side, and unwarranted by any principle of law.
 2. And principally because the answer set forth a valid defence. The act of 1861 authorizes the assessor, after the first Monday of August, to assess property which shall not be on the regular list. This refers to property in existence and taxable, but omitted from the regular list from accident or other similar cause. It does not apply to property newly acquired, and newly brought into the county after the regular assessment has been made. Still less does it apply to property which is the product or proceeds of that already assessed and taxed; otherwise parties would be subject to double tax. Yet the answer in the case averred as to the property charged, that it was all the yield, product, or proceeds of property and business heretofore regularly assessed and paid for, and was also acquired, made, manufactured, or realized after the regular legal assessment of all the defendant's property was made, and the taxes paid on it. The act of striking out the answer was equivalent to a judgment on demurrer to the answer in favor of the plaintiffs, and was erroneous, if the defence was valid.
 No opposing counsel.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 It will be seen by reference to the statutes of the Territory of the 29th November, 1861, that the assessor is only authorized to make subsequent assessments upon the property of a citizen or inhabitant, which was subject to taxation at a regular or annual assessment, and had escaped the tax from mistake, or otherwise, and which is a very common provision in every system of taxation. And, if this was the question presented to the court below, upon the pleadings or proofs, there could be no doubt as to the correctness of the decision. But the question presented by the answer was not one of this description, but of double taxation; for, if the facts were true as set forth, the property had been taxed either at the regular assessment, or had been purchased or procured by the defendants after this assessment; and, therefore, not the subject of a subsequent tax within the meaning of the statute. On this ground the answer presented a perfect defence to the action.
 
 
 2
 The court below, however, on motion of the plaintiff, struck out this defence as to all the property except one item of seven or eight thousand dollars in value, which stood in the answer in the same category with all the rest of the property. This singular mode of meeting a legal defence set up in the pleadings had not been explained by any counsel representing the plaintiff; and in the absence of such explanation, we can only apply to it the usual and customary principles governing pleadings in like cases, and hold that it was an error which entitled the party aggrieved to a reversal of the judgment.
 
 
 3
 If any authority was needed for so obvious a proposition, we refer to the case of Hozey v. Buchanan.*
 
 
 4
 The court there say that it would be as novel as it would seem to be unjust to strike out of the answer, on motion of the plaintiff, that which constitutes a good defence, and on which the defendant may chiefly rely.
 
 
 5
 JUDGMENT REVERSED AND REMITTED TO COURT BELOW.
 
 
 
 *
 16 Peters, 215.