## FULLER ET AL. *v.* CLAFLIN ET AL.

1. An order striking out an answer, as it ends the cause, leaves the action undefended, and confers a right to immediate judgment, is subject to review in the appellate court.

2. The court below having, on demurrer, held an answer to be sufficient, directed it to be made more specific and certain. The party thereupon filed an answer, which, although in substantial compliance with the order, was stricken out, and judgment rendered in favor of the plaintiff for the amount of the claim sued on. *Held*, that the action of the court in striking out the answer and proceeding to judgment was erroneous.

ERROR to the Circuit Court of the United States for the Western District of Arkansas.

Submitted on printed arguments by *Mr. Benjamin T. Duval*

for the plaintiffs in error, and by *Mr. Isaac Dayton* for the defendants in error.

MR. JUSTICE HUNT delivered the opinion of the court.

This action was brought to recover the amount of two promissory notes of $1,000 each, given by the firm of Fuller & McKibben to H. B. Claflin & Co., and dated July 1, 1870.

A defence was set up that the execution of the notes was procured by an agent of the holders, who presented the statement of an account showing a balance of $3,407.73; that, believing the statement to be accurate, the defendants gave the notes in suit and two others, in all equalling the amount claimed by the statement; that the statement was, in fact, false and fraudulent; that due on the account there was less than $1,550, which has since been paid to Claflin & Co.

To this answer a demurrer was interposed and overruled.

A motion was then made, and granted, that the answer be rendered more specific by setting forth the statement therein referred to, and the items and particulars of the alleged falsity. In obedience to this order a further answer was filed.

A motion was then made to strike out the further answer as not being a compliance with the order, and for judgment. The motion was granted, a request for time until the next morning to perfect the answer was refused, and judgment entered for the amount of the notes. From this judgment the present writ of error is brought.

It is objected, preliminarily, that the order directing the answer to be made more specific is one depending upon the discretion of the court, and that it is not appealable. It is said that the refusal of the court to grant further time to perfect the answer is also a discretionary order, and not appealable. This may be true. There is undoubtedly a large class of cases involving the procedure merely in a cause, in which the court acts as in its discretion it thinks best, and where no appeal can be taken from its decision.

It is quite likely that an order to make the answer more specific falls within this category. So it may well be conceded that the refusal to give further time until the next morning, to comply with the direction, comes within the same rule. It

may appear harsh to us, but the judge holding the circuit was better able, knowing all the circumstances, to determine the point than are we, at a distant time and place.

The rule we are speaking of has sometimes been held to apply to an order refusing to strike out an answer. 4 How. Pr. 432. But it does not apply to an order which strikes out an answer. That is not a mere procedure in the cause. It is the ending of the cause, leaving the action undefended and with a right to immediate judgment. Accordingly, we find in this case, that the same order entered on the 8th of December, 1873, at nine o'clock in the morning, which directed the amended answer to be struck out and denied permission to file a further answer on the next morning, also contained a final judgment for the amount of the notes described, with interest and costs, and directed that execution issue therefor. Such an order has often been held to be appealable. *Mandebaum* v. *The People,* 8 Wall. 310 ; *Hozey* v. *Bachan,* 16 Pet. 215 ; *Trustees* v. *Forbes,* 8 How. 285 ; *Crucible Co.* v. *Steel Works,* 9 Abb. Pr. N. s. 195 ; *Union Bank* v. *Mott,* 11 Abb. Pr. 42 ; *Shelden* v. *Adams,* 18 id. 405.

The question then recurs upon the merits of the order striking out the answer, on the ground that it was not in compliance with the rule requiring certain particulars to be stated. The first answer alleged that the statement furnished by the agent of Claflin & Co. was false, and that instead of there being a balance of $3,400 then due from the debtors, as in the statement set forth, there was due less than $1,550. The court ordered that this answer should be made more definite and precise, in two particulars : 1st, that the statement referred to should be set forth in the answer ; and, 2d, that the particulars and items of alleged fraud or error should be stated with certainty and precision.

The first direction was performed by the allegation of the answer that " the original of said statement had been lost or destroyed, but a copy of which; except the credits dated on said copy on and after July 1, 1870, is filed with the deposition of Lyman Mallory, marked exhibit B, of depositions in said cause." A copy of a lost document is attached to the deposition of Mallory, the agent who made the statement, and who

appears to have been examined upon deposition, and, as we may presume, on behalf of his employers. This is a reasonable compliance with the direction. It is an allegation that the creditors themselves are in possession of and have filed a copy of the statement, that the debtors admit the accuracy of the copy filed by their adversaries, that the original is lost or destroyed, and that it is out of their power to produce it.

The second requisition is also fairly complied with; to wit, that a specification of the alleged items of error shall be made. Thus, it was alleged in the second answer, that, instead of there being due to Claflin & Co. the sum of $3,407, there was due less than $1,550; and the difference between these two sums, and in items which should have been credited in the statement, were set forth as follows : —

1. The sum of $801, the amount of a bill of goods lost in transit, which the plaintiffs recovered from the owners, but which they fraudulently included in the account against the defendants.

2. The sum of $162.25, the amount of a bill of balmorals, which was twice charged against the defendants.

3. That the plaintiffs fraudulently omitted to give a sufficient credit, by the sum of $602.79, for money received on account of the defendants for cotton sunk in the Arkansas River, from certain underwriters at New Orleans.

4. That there was a failure to credit the sum of $24.22, paid on the ninth day of April, 1868.

These four items aggregate the sum of more than $1,590, and, so far as they went, were specifications of the items set forth in the answer. We think there was no ground for the alleged failure to comply with the order of the court in respect to specifying the items.

It is further objected that the answer is not good in law, for that it does not show how the fraud was effected. The court below, upon demurrer, held the answer to be good. This decision stands unreversed, and is the law of this case. But we are not discussing that question. The point whether the answer contained a sufficient compliance with the previous order of the court, and whether, for the absence of such compliance, the court was justified in striking it out, is all that is before us.

We are of the opinion that there was error in the proceed-

ing below; that the order striking out the answer and the final judgment rendered should be reversed, and the case remanded to the Circuit Court for further proceedings.

*It is so ordered.*