DlCKMAN, J.
In the year 1872, The Cincinnati & Muskingum Valley Railway Company leased its railway and property appertaining thereto, to The Pittsburgh, Cincinnati & St. Louis Railway Company. Samuel Jeans and others, the defendants in error, as stockholders of the latter company, brought suit, in 1885, in the Court of Common Pleas of Jefferson county, against that company and The Cincinnati & Muskingum Valley Railway Company to cancel the lease, and to restrain The Pittsburgh, Cincinnati & St. Louis Railway Company from using its funds to pay the interest on the bonds of the lessor company. The Pittsburgh, Cincinnati' & St. Louis Railway Company filed an answer to the petition. •The Cincinnati & Muskingum Valley Railway Company filed a demurrer to the petition, and on the 24th day of November, 1885, the demurrer was heard, and overruled by the court. On the same day, the case was further heard, and submitted to the court, upon the pleadings and evidence; and thereupon the 'court found, upon the issues joined, for the plaintiffs, and, in accordance with the prayer of the petition, rendered judgment, that the lease be vacated, that the demised railway property be surrendered and delivered up, and that The Pittsburgh, Cincinnati & St. Louis Railway Company be perpetually.enjoined.
*455 ■ After rendition of judgment, but at the same term, to wit: On the 10th day of December, 1885, Evan J. Henry, the plaintiff in error, intervened, and was made a party with leave to answer to the merits, the court entering upon its journal an order that, “ upon motion and good cause shown, Evan J. He.nry is made party defendant herein, with leave to file answer.” On the same day Henry, for himself and stockholders of The Cincinnati & Muskingum Valley Railway Company, who might unite with him in the defense of the suit, filed his answer, and thereupon entered on the records notice of his intention to appeal,'and perfected his appeal. The circuit court at the May term, 1886, on motion of counsel for the plaintiffs, dismissed the appeal. Upon proceedings in error prosecuted by Henry, this court reversed the judgment of the circuit court, and remanded the cause for further proceedings, holding that Henry, as one of the stockholders of the lessor company, on behalf of himself and other stockholders, might appeal from the decree ordering the cancellation of the lease, under the provisions of section 5226, of the Revised Statutes, as a “ person directly affected ” thereby, and that it was the duty of the appellate court to hear the case upon its merits, and allow additional pleadings to -be filed, as the justice of the case might require, and not dismiss the case otherwise than upon its merits. Henry v. Jeans, et al., 47 Ohio St. 116. When the case came on to be .again heard, at the November term, 1890, of the circuit court, the plaintiffs moved to strike from the files and suppress the answer of Henry for himself and others to the petition. This motion was granted. Henry excepted, and thereupon made application to the court for leave to file his proposed answer, which application was continued to the .next term. To reverse the action of the circuit court, the ■present petition in error was filed.
It is contended in behalf of the defendants in error:
(1.) That the order of the circuit court, that the answer of Henry be stricken from the files, was not a final order, and that therefore, he is not entitled to prosecute his petition in error herein.
*456 (2.) That the court of common pleas had not jurisdiction or power, after its determination of the rights of the parties litigant by its judgment in the action, to allow the answer of Henry to be filed in the cause ; and
(3.) That the trial in the court of common pleas was not conducted upon any answer of Henry to the petition, and that therefore, the circuit court properly struck from the files what he had placed on file as his answer, by leave of the court of common pleas, after entry of judgment.
It is provided by sec. 5114 of the Revised Statutes, that, “ The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case.”
From this section may be derived the power, in special cases, to make new parties after judgment, that there may not be a failure of justice. It is a power, however, that will be sparingly exercised, and with a cautious discretion. The statute being remedial, it should be liberally construed, but, with a view to rendering it operative in furtherance of justice. What it may accomplish towards obtaining such a result, might be reached, it may be, by resorting to a new and independent proceeding, in analogy to the chancery procedure by bill of review, or bill in the nature of a bill of review, but, when practicable, the rights of those interested in the subject matter in controversy, should be worked out in the pending proceeding, thus avoiding multiplicity of suits which is obnoxious to the law.
Where the facts require it, new parties may be brought in on appeal by amendment. Grant v. Ludlow, 8 Ohio St. 1; Babcock v. Camp, 12 Ohio St. 11; Morgan v. Spangler, 20 Ohio St. 38. And if so, it would seem to be a singular omission if, under the liberal provisions of the code and the practice in equity, no power could be found, in furtherance of justice, to admit new parties in the court below, though after judg *457 ment rendered. But that power, we think, may be found in the section under consideration.
When those who have sufficient interest in the result, are once brought in, after judgment, as new parties to the suit," the act of the court is not to be regarded as a matter of form only. They are parties for a purpose. If they have rights, their status as parties entitles them to set up those rights by cross-petition, answer, or other pleadings. They are not brought in as parties, only that a judgment by nil elicit may be entered against them. They thus become litigants in the cause, and are to be treated accordingly, nor can they, in our view, be deprived by an appeal of any remedial rights which have already accrued.
If, after judgment, one interested in the event of the cause becomes a party defendant, and answers, the court may, at the same term, treat the judgment as set aside, and re-examine the issues of fact or law, and re-enter the judgment. But, if before so doing, the answering party shall deem it desirable or expedient to exercise the privilege of appeal, he should not thereby lose, or hold only at the discretion of the appellate court, the remedial rights granted him by the court below in aid of justice. Those rights are of statutory origin, and their loss is not the penalty of appealing to a higher court.
But it is urged, that by the provisions in section 5225 of the Revised Statutes, “The circuit court shall have jurisdiction of certain cases as hereinafter provided by appeal; and the trial therein shall be conducted in the same manner as in the common pleas court, and upon the same pleadings, unless amendments are permitted or ordered by the circuit court.” If we consider this section in connection with section 5114, it will be apparent that amendments of pleadings, and the inserting of new allegations, may be permitted under both sections. But.there is nothing in the section regulating trials on appeal, that invalidates or renders nugatory amendments permitted under section 5114. If new parties and interests arise or are discovered after appeal, they may be brought under the cognizance of the circuit court, and section 5225 would cover cases of that class, as section 5141 would *458 embrace interests and parties omitted and brought to the notice of the court of common pleas after judgment and before appeal. But the orders of the respective courts authorizing new parties to be made and new pleadings to be filed, are alike in the interest of justice, and alike to be sustained.
It is said, that the trial in the court of common pleas was not conducted upon any answer or pleading of the plaintiff in error, and that, therefore, his answer, filed after the entry of judgment, could not be considered on the trial in the circuit court. We are not inclined to construe strictly the words, “ same pleadings,” found in section 5225. Whatever the court of common pleas, in furtherance of justice, found it proper to incorporate during the trial term with the pleadings as a part thereof, and as essential to a just determination •of the rights of the parties while the case remained in that .court without appeal, and subject, at the will of the court, to further adjudication during the term, and which the transcript of the clerk, together with the original papers and pleadings delivered to the clerk of the circuit court showed had been filed in the court of common pleas, should.not, it seems to us, upon the trial in the circuit court, be ignored or treated as having no place among the pleadings in the court below. The judgment being suspended when .the appeal is taken and bond given, the appellate court, in its inquiry d'e novo into the merits of the action, might rightly consider pleadings which the judge in the court below had allowed to be filed, as affecting the rights of all parties in the case while litigating in that court.. The answer of Henry formed the basis of his appeal, and made the, main issue upon which his rights were to be determined. When, .therefore, his answer was suppressed, he was virtually deprived of the benefit of his appeal, to which he had been restored through his former proceeding in error. „
The order striking the answer of Henry from the files we regard a final order, and one reviewable on error. “ A judgment rendered, or final order made, by the circuit court, may be reversed, vacated, or modified by the supreme court.” *459 Revised Statutes § 6710. “ An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, .... is a final order which may be vacated, modified or reversed.” Revised Statutes, §6707. When the plaintiff in error was made party defendant, with leave to answer, he acquired substantial rights— the right of a litigant in the case — of which h¿ was effectually deprived when his answer was suppressed. By the order striking his answer from the files, his right to try the issues it made was directly affected, and as to him, at least for the time being, the order determined the action and prevented the judgment he sought.
■ In Carpenter v. Canal Company, 35 Ohio St. 307, after an order of sale was made in a foreclosure suit, the land was appropriated by a railroad company. Another mortgage creditor, by answer and cross-petition, sought to impeach the appropriation proceeding for fraud and to. foreclose his mortgage. The order dismissing such answer and cross-petition, as to the charge of fraud and the claim to foreclose, was declared a final order, which might be reviewed on error.
In Fuller v. Claflin, 93 U. S. 14, it was -held, that an order striking out an answer, as it ends the cause, leave's the action undefended, and confers a right to immediate judgment, is subject to review in the appellate court.
The case of Holbrook v. Connelly, 6. Ohio St. 199, is cited in behalf of the defendants in error. There, the plaintiff in the common pleas moved the court to strike out a part of an amended aúswer ; which motion was sustained. The defendant thereupon asked leave to file a petition in error to review and reverse the decision of the common pleas. Bartley, C. J., in delivering the opinion, remarked, that no final order, within the meaning of the Code of Civil Procedure, was shown to have been made, as it did not appear that the decision ■made “ in effect determined the action and prevented a judgment that for aught appearing the defendant might yet succeed in his defense to the action. As only a part, and it might be an immaterial part of the answer was struck out, the remainder might prove amply sufficient to secure instead *460 of preventing a judgment for the defendant, and hence the language of the opinion.
The application made by Henry, after the order dismissing his answer, for leave to file his proposed answer, and the continuance of such application to the next term of the circuit court, did not take from the order its character of finality.
The application may properly be regarded as a separate and independent proceeding subsequent to the order, of which Henry need not avail himself unless he sees fit so to do. A decree, if final, will not be made interlocutory by a defendant’s motion at the same term to vacate it, and a continuance of such motion to the next term. The final order of the circuit court striking from the files and suppressing the answer of the plaintiff in error, should, in our opinion, be reversed and the cause remanded to the circuit court for further proceedings.

Judgment accordingly.