## STATE v. DANIEL SAWYER.

### OCTOBER TERM, 1894.

*Exception must be taken. Intoxicating liquor. Second offence.*

1.  There must be an exception to the admission of evidence in order to raise the question in supreme court; a mere objection is not enough.

2.  In a prosecution under R. L., s. 3802, as amended by No. 42, Acts 1888, for keeping intoxicating liquor with intent to sell, a previous conviction for selling may be shown to enhance the penalty.

Information charging the respondent with keeping intoxicating liquor, with intent to sell the same in violation of law. Plea, not guilty. Trial by jury at the June term, 1894, Addison county, START, J., presiding. Verdict, guilty. Judgment on verdict and sentence imposed. The respondent excepts and execution stayed.

In reference to the admission of testimony the exceptions stated :

"The state, in order to show whether the liquor and contents of the bottles so found was intoxicating, improved as a witness said town liquor agent, who was asked the following question : Question—Did Mr. Cobb, the deputy sheriff, deliver to you last December some bottles and barrels of bottles? which question was seasonably objected to and admitted."

The other question decided appears in the opinion.

*J. M. Slade* for the respondent.

The offences of keeping with intent to sell and selling are distinct; therefore, a conviction for one cannot be shown to enhance the penalty upon a trial for the other. *State* v. *Lincoln*, 50 Vt. 644 ; *State* v. *Jangraw*, 61 Vt. 3 ; *State* v. *Locklin*, 59 Vt. 634 ; *State* v. *Woods*, 68 Me. 409 ; *Commonwealth* v. *Marchaud*, 155 Mass. 8.

*F. L. Fish*, State's Attorney, for the state.

R. L., s. 3802, creates but one offence, although that offence may be committed in different ways. *State* v. *Remalee*, 36 Vt. 672 ; *State* v. *Freeman*, 27 Vt. 523 ; *Kelley* v. *The People*, 115 Ill. 583.

THOMPSON, J. I. No exception was taken to the admission of the question objected to by the respondent, and therefore the ruling of the county court cannot be passed upon by this court.

II. The information charged the respondent with keeping and possessing intoxicating liquor with intent to sell and furnish the same in violation of law, and also alleged his prior conviction for selling and furnishing intoxicating liquor contrary to law. On trial, the record of such prior conviction was admitted in evidence to enhance the sentence,

against the respondent's exception. The respondent was found guilty by the jury as of a second conviction, judgment rendered upon the verdict, and respondent sentenced to imprisonment in the House of Correction for ninety days, and to pay a fine of two hundred dollars and costs of prosecution, with the alternative sentence, to which he excepted.

The respondent contends that the conviction should be set aside because of the admission in evidence of the record of his prior conviction for selling and furnishing, and insists that only a record of his conviction for keeping with intent to sell and furnish could be admitted in this prosecution to increase the penalty.

R. L., s. 3802, as amended by St. 1888, No. 42, s. 1, is as follows :

"If a person by himself, clerk, servant or agent, sells, furnishes or gives away, or owns, keeps, or possesses with intent to sell, furnish, or give away intoxicating liquor or cider in violation of law, he shall forfeit for each offence to the state, upon the first conviction, not less than five nor more than one hundred dollars, and may also be imprisoned in the discretion of the court, not more than thirty days ; upon the second and each subsequent conviction not less than ten nor more than two hundred dollars, and shall be imprisoned not less than one month nor more than one year."

This statute does not impose the increased penalties for a second or subsequent conviction for the *same offence*, but for a *second* or *subsequent conviction* for selling, furnishing or giving away, or owning, keeping, or possessing with intent to sell, furnish or give away, in violation of law, intoxicating liquor or cider in violation of the act. "These are different forms of committing the same legal offence, violating the act." In thus holding we follow *State* v. *Haynes*, 36 Vt. 667, which in principle is decisive of this case. A conviction for violating the statute in one of these forms is available to enhance the penalty on a subsequent conviction

for a violation in another. As was said by Poland, C. J., in *State* v. *Haynes, supra,*

"It is equally within the intent and purpose of the law to punish offenders so incorrigible and hardened as not to desist, after one chastisement for their breach of law."

*Judgment that there is no error in the proceedings of the county court, and that respondent take nothing by his exceptions. Let execution of sentence be done.*