## THE EQUITABLE SECURITIES CO. *v.* McDONALD
### ET AL.

*Court of appeals — Error proceedings — Final order — Adjudication of motion — Challenging jurisdiction of person in trial court.*

An order of the court of common pleas sustaining a motion to strike out a special answer or plea in abatement going to the regularity of service and the jurisdiction of the court over the person of the defendant is not reviewable on error in the court of appeals in advance of the final determination of the action.

(Decided December 23, 1920.)

ERROR: Court of Appeals for Franklin county.

*Messrs. Bennett, Westfall & Bennett,* for plaintiff in error.

*Messrs. Watson, Stouffer & Davis,* for defendant in error.

ALLREAD, J. John P. McDonald and others brought suit in the court of common pleas against The Equitable Securities Company, a corporation of Arizona, for an accounting.

Other defendants were interpleaded, but the question here involves only the Arizona corporation. Service was had upon John L. Hamilton, managing agent, no other officer of the corporation being found.

The Equitable Securities Company of Arizona filed a motion to quash the service upon the ground, among others, that said company had no managing agent in Ohio at the time the suit was brought, or at the time of service, and that the action involved

the internal affairs of the corporation cognizable only in the charter state.

This motion was overruled February 12, 1919.

November 5, 1919, an answer in the nature of a plea in abatement was filed. This answer raises substantially the same grounds stated in the motion to quash. It adds that the motion to quash was heard upon the evidence and overruled. It also avers that in the interim following the overruling of the motion to quash a writ of prohibition was sought in the supreme court of Ohio but denied upon the ground that such writ was not an appropriate remedy. The answer seeks to have the question of personal jurisdiction heard in advance of the trial of the cause upon the merits.

This answer or plea in abatement was, upon motion, stricken from the files, and an exception was noted.

To this ruling and order the defendant prosecutes error, the case upon the merits being still pending in the court of common pleas.

Was the striking from the files of the answer, or plea in abatement, a final judgment or order from which error may be prosecuted in advance of the judgment on the merits?

A final order or judgment under the statute is one disposing of the whole case or some separate and distinct branch thereof. (*Teaff* v. *Hewitt,* 1 Ohio St., 511, and *C., S. & C. Rd. Co.* v. *Sloan,* 31 Ohio St., 1.) Jurisdiction of the appellate court is now provided for by Section 6, Article IV of the Constitution, which gives jurisdiction to review "judgments" of a court of common pleas,

and so forth. (*Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415.) But the constitutional provision does not change the rule as to the finality of the order or judgment to be reviewed. (*Thompson* v. *Denton,* 95 Ohio St., 333; *State, ex rel. Faber,* v. *Jones,* 95 Ohio St., 357, and *Continental Trust & Savings Bk. Co.* v. *Home Fuel & Supply Co.,* 99 Ohio St., 453.) In the case last cited the trial court had sustained a motion to vacate a *cognovit* judgment and it was held in the supreme court that "The action of the trial court sustaining such motion does not constitute a final order from which a proceeding in error may be prosecuted." This expression leaves a clear inference that an order or judgment even under the constitutional amendment must be final to furnish a basis for the prosecution of error.

The general policy of the law is opposed to separate reviews upon interlocutory orders. This is not only a policy of Ohio but seems to be a general policy throughout the American states. A contrary policy would undoubtedly tend greatly to prolong litigation. It is urged that in this case it might save much labor and cost if the jurisdictional question were first settled in the reviewing courts. This argument might with equal force be extended to orders overruling motions to quash indictments, demurrers to petitions, and the granting of motions for new trial, yet these have all been held to be interlocutory and not subject to review until after final judgment in the case.

If interlocutory orders such as the one under consideration are to be reviewed separately, litigation would in many cases be unduly prolonged.

This would be a step backward in the struggle to simplify and shorten procedure.

It is conceded by counsel that the overruling of the motion to quash the summons was interlocutory and is not reviewable in advance of the final judgment. It is claimed, however, that the striking out of the answer and plea in abatement is a final order.

The case of *Henry* v. *Jeans,* 48 Ohio St., 443, is cited and relied upon. This case, in our judgment, is distinguishable from the one at bar. There the answer was filed after judgment by a new party who sought to be heard *de novo* on the merits of the case. The striking from the files of the answer was clearly the end of that controversy and was final as to the subject-matter. The same distinction applies to the case of *Carpenter* v. *Cincinnati & Whitewater Canal Co.,* 35 Ohio St., 307, where a cross-petition was stricken from the files.

The case of *State, ex rel. Martin,* v. *Superior Court for Grant Co.,* 97 Wash., 358, 166 Pac. Rep., 630, involves jurisdiction by writ of prohibition. Whatever force this case may have in other jurisdictions is met here by the action of the supreme court of Ohio in the prohibition case.

This leaves for consideration:

1. The dictum of Judge Dickman in *Henry* v. *Jeans.*

2. The decision in *Eldridge & Higgins Co.* v. *Barrere,* 74 Ohio St., 389.

Judge Dickman says, at page 459:

"In *Fuller* v. *Claflin,* 93 U. S. 14, it was held, that an order striking out an answer, as it ends the cause, leaves the action undefended, and confers a

right to immediate judgment, is subject to review in the appellate court."

Referring to the full opinion in *Fuller* v. *Claflin* we find that the order striking out the answer was followed by a final judgment. So there was no question of a lack of a final judgment. The only question there was whether the interlocutory order was discretionary or could be reviewed after final judgment. The *Eldridge case* involved the striking out of a motion for new trial. The order was held to be a final order because "It is an order that finally and effectively prevents a judgment on the motion, and its effect may be to deprive a party of his remedy on error."

A plea in abatement we think added nothing substantial to the scope of the issue presented by the motion to quash the service. There were new averments, it is true, but none of these would change the rule requiring a final order as a basis of review in the appellate court. We cannot escape the conclusion that the order striking the answer and plea in abatement from the files was interlocutory and that the prosecution of error at this stage is premature. The petition in error, should, therefore, be stricken from the files.

*Petition in error dismissed.*

FERNEDING and KUNKLE, JJ., concur.