SCHOENUNG v. THE STATE OF OHIO.

*Intoxicating liquors—Unlawful sale—Section 6212-15, General Code—Purchaser's name unnecessary in affidavit—Penalty for second offense—Section 6212-17, General Code—First conviction for different offense.*

1. It is not necessary for an affidavit charging one with the unlawful sale of intoxicating liquors in violation of Section 6212-15, General Code, to state the name of the person to whom the liquor was sold.
2. The second offense, as named in Section 5 of the Crabbe Act (Section 6212-17, General Code), refers to a second offense under the act (Sections 6212-13 to 6212-20, General Code).
3. The unlawful sale of intoxicating liquor can be charged as a second offense under the Crabbe Act (Sections 6212-13 to 6212-20, General Code) where the first conviction was for the illegal possession of intoxicating liquor.

(Decided January 30, 1922.)

ERROR: Court of Appeals for Clermont county.

*Mr. W. C. Bishop,* for plaintiff in error.
*Mr. Harry Britton,* prosecuting attorney of Clermont county, for defendant in error.

BY THE COURT. The plaintiff in error in this case was charged before the probate court of Clermont county with the sale of intoxicating liquor, and, upon a plea of guilty, was sentenced to pay a fine of $1,000 and costs.

At the hearing a motion was made to quash the affidavit on the ground that the affidavit was insufficient to charge an offense under the laws of the state of Ohio. The affidavit is as follows:

"That on or about the 27th day of November, A. D. 1921, in the County of Clermont, State of Ohio, one Karl Schoenung did then and there sell intoxicating liquors, to-wit: Whiskey; that the sale of intoxicating liquors as aforesaid by the said Karl Schoenung was then and there prohibited and unlawful and contrary to Section 6212-15 of the General Code, and was not in accordance with the provisions of Title II of the Act of Congress known as the 'National Prohibition Act,' passed October 28, 1919.

"Affiant aforesaid further deposes and says that heretofore, to-wit, on July 1, 1921, the said Karl Schoenung in the Mayor's Court of the Village of Bethel, Clermont County, Ohio, plead guilty to a charge of illegal possession of intoxicating liquors in violation of said Section 6212-15 of the General Code, and was fined One Thousand Dollars ($1,000) and costs, and that the offense herein charged is a second offense thereunder and against the peace and dignity of the State of Ohio.

"Further deponent sayeth not.

"OREN F. RICHEY.

"Sworn to by Oren F. Richey and subscribed in my presence this 7th day of December, A. D. 1921.

"C. N. YOUNG,

"*Judge and Ex-Officio Clerk of the Probate Court of the County of Clermont, State of Ohio.*"

· One of the objections made to the affidavit is that it failed to state to whom the liquor was sold, and it is argued by counsel that this is fatal, as it is necessary for the affidavit to so state, that the defendant may be fully apprised of the charge and make his defense accordingly. Had this offense been committed when the state granted authority by

license to sell liquor, and there were such offenses as sales to minors and to persons in the habit of getting intoxicated, etc., it would have been necessary to allege and prove to whom the liquor was sold. This was so for the reason that it was necessary to allege and prove *scienter,* and the offense was the unlawful sale by a person authorized to make lawful sales. But, under the statute now in force, known as the Crabbe Act, the gravamen of the offense is the sale, and the name of the person to whom sales are made is not material since all sales are prohibited unless authorized by Title II of an Act of Congress passed October 28, 1919, known as the National Prohibition Act. This conclusion is supported by the case of *State* v. *Ridgway,* 73 Ohio St., 31, 43.

It will be noted that the affidavit charges a second offense under Section 6212-15, General Code, and that the plaintiff in error was liable to the penalty as for a second offense, and the court so found. The objection made to this part of the affidavit is that it shows on its face that the former offense to which the plaintiff in error had pleaded guilty on July 1, 1921, preceding the offense charged here, was the illegal possession of intoxicating liquors, and that the charge of selling is not a second offense when based on a former conviction of illegal possession.

Section 6212-17, General Code, provides:

"Any person who violates the provisions of this act for a first offense shall be fined not less than one hundred dollars nor more than one thousand dollars; for a second offense he shall be fined not less than three hundred dollars   *   *   *.''

It will be seen from a reading of the statute that but one penalty is provided for the first offense, and

but one penalty for the second offense, although a large number of offenses are contained in the same sections of the same act. The act itself (Sections 6212-13 to 6212-20, General Code; 108 O. L., pt. 2, 1182 to 1185) is entitled "An Act to prohibit the liquor traffic and to provide for the administration and enforcement of such prohibition and repeal certain sections of the General Code."

Section 5 (Section 6212-17, General Code) provides, as above stated, one penalty for the first offense, one for the second offense, and one for a third offense, and the clear intent of the legislature was that the penalty shall be increased for a second violation of the *act,* which was passed, as provided in the title, "to prohibit the liquor traffic," etc.

As the court stated in the case of *Carey* v. *State,* 70 Ohio St., 121, at 124:

"The manifest purpose [referring to the increased penalty for second and third offenses] is to increase the penalty for the offenses after the first because the party has persisted in violating the law."

The legislature evidently intended to provide a more severe punishment for a second violation of any of the provisions of the act in question, and meant to notify offenders not to commit a subsequent offense against any of the provisions of the act, under threat of the increased punishment. This question was before the court of common pleas of Clark county on the question whether or not the unlawful sale of intoxicating liquor on Sunday was a second offense in connection with a conviction for unlawfully allowing a saloon to remain open on Sunday. Judge Kunkle, now of the court of appeals, rendered the decision, and it is reported in the case of *Jung* v. *State,* 7 N. P. (N. S.), 397. In the decision the court holds that unlawfully selling intoxi-

cating liquors on Sunday and unlawfully allowing a place where intoxicating liquors are sold to remain open on Sunday are merely different forms of committing the same legal offense under the statute, and that the unlawful sale of intoxicating liquors on Sunday can be charged as a second offense, when the first offense was for unlawfully allowing a saloon to remain open on Sunday. This case was affirmed by the circuit court, without report, December, 1907.

We are of opinion that the decision in the case of *Jung* v. *State, supra,* was correct, and we are in accord with the pronouncement in that decision.

Our conclusion is that the second offense provided in the penalty clause of the statute refers to a second offense under the act, and is an increased penalty for persistent violations of the law; that the unlawful sale of intoxicating liquor can be charged as a second offense when the first conviction relied upon was for the illegal possession of intoxicating liquors. This conclusion is further supported by the cases of *State* v. *Sawyer*, 67 Vt., 239; *State* v. *Haynes*, 36 Vt., 667, and by 16 Corpus Juris, Section 3152, page 1340. A second offense does not necessarily consist in the same form of violation of the statute. If the statute prohibits the selling, furnishing or giving away, a conviction for selling is available to double the penalty, if there is a subsequent conviction for furnishing. McClain on Criminal Law, Section 1268.

We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.