## VASSOS v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Nov. 4, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**661.   INTOXICATING LIQUOR—49.   Affidavits.**

Not necessary, in affidavit charging violation of 6212-15 GC., to set out name of person to whom sale is made.

Error to Common Pleas.

Judgment affirmed.

N. M. Kaufman, Youngstown, for Vassos.
R. L. Thomas, Youngstown, for State.

### STATEMENT OF FACTS

On the 10th day of May, 1927, an affidavit was filed in the Court of Common Pleas of this county, charging the plaintiff in error with the offense of selling intoxicating liquor contrary to provisions of 6212-15 GC. The cause came to be heard in the court below and the accused filed a motion to quash the affidavit upon the ground that the name of the person to whom the intoxicating liquors were alleged to have been sold was not set out in the affidavit. This motion was overruled, and

(Continued on Page 116)

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in Advance ....................................... $15.00

Discount for advance payment $3.00, making the net price .................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ............................... .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning........................Business Director

Sheldon R. Laning...................Editorial Director

(Continued from Page 115)

the cause went to trial and resulted in a finding and judgment of guilty. Error is prosecuted on the ground that the trial court erred in overruling the motion to quash.

### OPINION OF COURT

The following is taken, verbatim, from the opinion.

FARR, J:

The one vital issue in this case is whether or not, in such an affidavit, it is necessary to set out the name of the person to whom the sale is made.

It becomes readily apparent, from Sec. 6212-15 GC., that the offense is a "sale" of intoxicating liquor, regardless of to whom made. As reflecting upon the issue involved here, the case of Schoenung v. State, 16 App., 65, is of interest, where this precise question was before the court of appeals of Clermont County. In the first paragraph of the syllabus it is held that:

"It is not necessary for an affidavit charging one with the unlawful sale of intoxicating liquors in violation of Sec. 6212-15 GC., to state the name of the person to whom the liquor was sold."

In this connection attention was called by counsel to the opinion of the Circuit Court of Appeals of the Eighth District, reference to which is made in the United States Daily of Saturday, July 25, 1927, in the case of Jarl v. United States and Monroe v. United States, and one of the issues raised in that case was that the charge did not state the name of the person to whom the sale was made, and in discussing that issue the court says, in substance, that reason and common sense would suggest that the name be set out.

It should be observed, however, that this was not the issue upon which these cases turned and, so far as observed, that is the only expression of the court upon that issue, and it must be agreed that the statement is reasonable but by no means decisive of the issue herein.

For the reason given it follows that the judgment of the Court of Common Peas should be affirmed and it is so ordered.

(Pollock and Roberts, JJ., concur.)