NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-2529

———————————

UNITED STATES OF AMERICA

v.

DANIEL LAMPLEY,
also known as DANNY LAMPLEY,
                                                Appellant

———————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-04-cr-00106-001)
District Judge: Honorable Cathy Bissoon

———————————

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2018

Before: MCKEE, SHWARTZ, and COWEN, Circuit Judges

(Opinion filed: August 16, 2018)

———————————

OPINION[*]

———————————

McKEE, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

Daniel Lampley appeals the sentence imposed following the revocation of his supervised release. For the reasons that follow, we will affirm the District Court's judgment of sentence.

## I.[1]

In 2005, Lampley pled guilty to conspiracy,[2] possessing heroin with intent to distribute,[3] and firearms offenses and was sentenced to prison and a period of supervised release.[4] After serving a term of incarceration,[5] the Bureau of Prisons ("BOP") released him to a halfway house. While there, Lampley again began selling heroin. When an arrest warrant was issued in May 2015 based on the new drug offenses, the Probation Office ordered Lampley to surrender. Instead of complying, he absconded. In response, the Probation Office filed a "Petition for Warrant or Summons for Offender Under Supervision" with the District Court. Lampley remained a fugitive for about three months before police arrested him in New Jersey. He eventually pled guilty to charges stemming from these new drug sales and received a sentence of 100 months' incarceration.

After Lampley was sentenced for his new offenses, the Probation Office recommended that its initial petition be withdrawn and that Lampley's supervised released be terminated. The Government objected, and, on June 28, 2017, the District

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

[2] 21 U.S.C. § 846.

[3] 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i).

[4] 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. §§ 922(g)(1),  924(e)(1).

[5] Lampley initially received an aggregate sentence of 322 months' incarceration followed by eight years of supervised release. He ultimately received two reductions and a sentence of 149 months of imprisonment.

Court held a revocation hearing.  Thereafter, the court sentenced Lampley to serve eight months' incarceration, consecutive to the 100 month sentence he was already serving. This appeal followed.

**II**.

Lampley raises both procedural and substantive challenges to the imposition of his eight-month revocation sentence. We typically review the reasonableness of a district court's sentencing decision for abuse of discretion.[6] This requires a two-step process. We first "ensure that the district court committed no significant procedural error" such as failing to calculate the proper Guidelines range or failing to consider the appropriate factors under 18 U.S.C. § 3553(a).[7]  If the district court's sentence is procedurally sound, we then examine the substantive reasonableness of the sentence to determine whether, under the totality of the circumstances, the sentencing court abused its discretion.[8]

Lampley did not object to the procedural determination of his sentence. Accordingly, we review the sentence for plain error.[9] An error is plain if it is obvious and affects substantial rights or the "fairness, integrity, or public reputation of judicial proceedings."[10] He now argues that the District Court failed to "give meaningful consideration to the § 3553(a) factors" because it did not make specific factual findings

---

[6] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[7] *Id.*; *see also* 18 U.S.C. § 3583(e) (stating that a court may revoke a term of supervised release "after considering the factors set forth in [§ 3553(a)]").

[8] *Gall*, 552 U.S. at 51.

[9] *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (*en banc*) ("[W]e now hold that a defendant must raise any procedural objection to his sentence at the time the procedural error is made[.]").

[10] *Id.* at 259 (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)).

about each factor.[11] The argument ignores the fact that a sentencing court "need not 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'"[12] A sentencing procedure is sufficient when the record shows that the sentencing judge considered each argument, weighed the supporting evidence, and understood the defendant's claim for a lower sentence.[13]

Here, the District Court stated that it would "consider the factors set forth in 3553(a)(1), (a)(2)(B) through (D), and (a)(4) through (7)" in fashioning its sentence.[14] The record confirms that the court understood, but rejected, Lampley's argument that the 100 month sentence he received on his most recent drug convictions covered both the offense conduct and the attendant violation of his supervised release.[15] The court also recognized that Lampley had cooperated and received a downward variance in that case.[16]

The District Court also considered the extensive argument of Lampley's attorney and Lampley's lengthy allocution.[17] Finally, the court considered "the nature and

---

[11] Br. for Appellant, 16.
[12] *United States v. Thielemann*, 575 F.3d 265, 271 (3d Cir. 2009) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).
[13] *Rita v. United States*, 551 U.S. 338, 358 (2007).
[14] App. 60.
[15] App. 65, 67 ("I have not had that experience, I'll just say for the record, nor does the record reflect that . . . was the intention here . . . . There was still a pending petition for a supervised release violation.").
[16] App. 67 ("There clearly was a variance in this case as I understand it in connection with your client.").
[17] App. 71–72 ("I've also considered everything said here today . . . . As I said, I appreciate everything Mr. Lampley and [his attorney] said here today, but due to the

circumstances of the offense, history and characteristics of this defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes, and the need to provide defendant with any appropriate treatment" as well as the applicable sentencing guidelines.[18] Given the District Court's review of these factors, we discern no error in Lampley's sentencing procedure at all, and certainly no plain error.

We thus turn to Lampley's claim that his sentence was substantively unreasonable. We may not disturb a district court's sentence unless "no reasonable sentencing court would have imposed the same sentence on th[e] particular defendant for the reasons the district court provided."[19]

Lampley's sentence was at the lowest end of the applicable Guidelines.[20]  Those Guidelines explicitly recommended that any term of imprisonment imposed after revocation be served consecutively to any sentence that was already being served.[21] Lampley violated his supervised release by selling heroin *while in BOP custody*, absconding from supervision, and remaining a fugitive for approximately three months.

---

nature of the violation of defendant's supervised release, which this Court does not view to be inconsequential, as well as the relevant factors, most notably deterrence, incarceration in a federal penitentiary is appropriate.").

[18] App. 70–71.

[19] *United States. v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

[20] *See Gall*, 552 U.S. at 51 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."); *United States v. Hoffecker*, 530 F.3d 137, 204 (3d Cir. 2008) ("Although we do not deem a within-Guidelines sentence presumptively reasonable, it is more likely to be reasonable than one that lies outside the advisory guidelines range.") (internal quotations omitted).

[21] U.S. SENTENCING GUIDELINES MANUAL § 7B1.3.

The eight-month consecutive sentence he received was hardly unreasonable, and his argument that it was borders on frivolity.[22]

---

[22] Lampley's sole counterargument is that the District Court's sentence was unreasonable because the Probation Office recommended terminating supervision. As stated above, the District Court rejected that recommendation.